UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SHELBY N. MOREDOCK, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:08-cv-995-SEB-JMS |
| ) | |
| TOM HANLON, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

    Shelby Moredock ("Moredock") is a state prisoner who was disciplined in a proceeding identified as CIC 08-05-0142 for violating prison rules by committing battery. The evidence favorable to the decision of the conduct board, *see Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found. . . [the petitioner] guilty of the offense on the basis of the evidence presented"), is that on or about May 15, 2008, Moredock pushed his cellmate Jefferey Williams against the wall of their cell, resulting in injuries to Williams. Contending that the proceeding was constitutionally infirm, Moredock now seeks a writ of habeas corpus.

    Having considered the pleadings and the expanded record, the court concludes that Moredock's petition for a writ of habeas corpus must be denied and this action dismissed with prejudice. The reasons for this disposition are that: (1) the procedural protections required by *Wolff v. McDonnell,* 418 U.S. 539 (1974), were provided; (2) there was at least "some evidence" to support the decision of the conduct board as required by *Superintendent of Walpole v. Hill,* 472 U.S. 445 (1985); and (3) the proceedings were not otherwise tainted by prejudicial error. Moredock's claims that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

    ❗    Moredock's first claim is that the discipline he faced was discriminatory. It is true that a prisoner is entitled to a neutral and detached decision-maker. *Redding v. Fairman,* 717 F.2d 1105, 1112-13 (7th Cir. 1983). The procedural protections of *Wolff* include that entitlement and would be hollow without it. However, a conduct board that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process. *Wolff,* 418 U.S. at 571. Those procedures were followed in this case, and Moredock offers nothing other than the outcome of the matter to support his claim of bias. The claim of bias is without

factual basis and is rejected as a ground supporting the award of federal habeas corpus relief. Even if others found to have committed the same infraction were sanctioned differently, this fact alone would not support a claim of discrimination, because the inherent discretion of prison authorities to manage internal discipline necessitates that some prisoners will receive more favorable treatment than others. *See Shango v. Jurich,* 681 F.2d 1091,1104 (7th Cir. 1982) ("The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action.").

! Moredock's second claim is that the Final Reviewing Authority of the Indiana Department of Correction did not properly review his claims in the course of his administrative appeal. This claim fails to warrant relief here, however, because the expanded record shows that Moredock's administrative appeals were considered and responded to them on their merits.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Moredock to the relief he seeks. Accordingly, Moredock's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/22/2008

*[Signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana